

**SO ORDERED.**

**SIGNED this 22 day of June, 2011.**

_____
**JAMES D. WALKER, JR.
UNITED STATES BANKRUPTCY JUDGE**
_____

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | CASE NO. 11-10227-JDW |
| WILLIAM I. CROSS and, | ) | |
| CINDY COSTELLO CROSS, | ) | |
| | ) | |
| DEBTORS. | ) | |

BEFORE

JAMES D. WALKER, JR.

UNITED STATES BANKRUPTCY JUDGE

COUNSEL

For Debtor:   F. Anthony Blakey
              Post Office Box 70879
              Albany, Georgia 31708

For Creditor: Neil C. Gordon
              171 17th Street, NW
              Atlanta, Georgia 30363-1031

**MEMORANDUM OPINION**

This matter comes before the Court on confirmation of Debtor's Chapter 13 plan. This is a core matter within the meaning of 28 U.S.C. § 157(b)(2)(L). After considering the pleadings, the evidence, and the applicable authorities, the Court enters the following findings of fact and conclusions of law in conformance with Federal Rule of Bankruptcy Procedure 7052.

**Findings of Fact**

Debtors William and Cindy Cross filed a Chapter 13 petition on February 17, 2011. On Schedule A, they listed their fee simple interest in a house in North Carolina, valued at $550,000 and subject to a secured claim for $442,768. On Schedule D, Debtors listed First Citizens Bank as the secured creditor on the property. Again, they listed the value of the property as $550,000 and the amount of the secured claim as $442,768. In their Chapter 13 plan, Debtors proposed to surrender the house in full satisfaction of the debt and proposed to pay their unsecured creditors in full. On April 25, 2011, the Court entered a consent order modifying the automatic stay to allow the Bank to pursue its rights against the property, including foreclosure.

A confirmation hearing on Debtors' proposed plan was scheduled for June 14, 2011. The Bank filed an objection to confirmation on June 8, 2011–six days prior to the hearing. In its objection, the Bank asserts that the payoff amount of its mortgage is $554,510.15 and that the value of the house is $505,000, according to an appraisal submitted with the objection. Based on these figures, the Bank contends it holds an unsecured claim and is entitled to share in the pro rata distributions to unsecured creditors.

The Court held the confirmation hearing on June 14, 2011. As of that date, the Bank had

not filed a proof of claim in the case. The deadline for doing so is June 23, 2011. After considering the facts and arguments presented at the hearing, the Court will overrule the Bank's objection to confirmation and enter an order confirming Debtors' plan.

### Conclusions of Law

At issue in this case is whether the Court can properly confirm Debtors' Chapter 13 plan. The Bank contends confirmation is inappropriate because the plan proposes to satisfy the Bank's claim in full by surrendering collateral without providing for any resulting deficiency.

Under 11 U.S.C. § 1324(a), any "party in interest may object to confirmation of the plan." However, Local Rule 3015-3(a), requires a creditor that objects to confirmation to file its objection "seven days prior to the first confirmation hearing held in the case[.]" In this case, the Bank filed its objection to confirmation six days prior to the confirmation hearing. The Bank does not dispute that its objection is untimely. Furthermore, the Bank offered no evidence to explain the late filing. Therefore, the Court will overrule the objection.

However, even in the absence of an objection "the [Bankruptcy] Code makes plain that bankruptcy courts have the authority–indeed, the obligation–to direct a debtor to conform his plan to the requirements of" applicable provisions of the Code. United Student Aid Funds, Inc. v. Espinosa, 130 S. Ct. 1367, 1381 (2010). With regard to secured creditors, the Court is required to confirm a plan if (1) the creditor accepts the plan or (2) the creditor retains its lien until it receives payments equal to the present value of its secured claim or (3) the debtor surrenders the collateral. 11 U.S.C. § 1325(a)(5). In this case, Debtors proposed to satisfy the Bank's debt by surrendering the collateral. According to their schedules, the value of the collateral exceeds the

amount of the Bank's debt. Because the Bank did not timely object to this treatment, it is deemed to accept it. In re Castleberry, 437 B.R. 705, 708-09 (Bankr. M.D. Ga. 2010) (Walker, J.). Therefore, on its face, Debtors' plan complies with the Code and appears to be proposed in good faith.

Nevertheless, the Bank contends its debt is undersecured such that it is entitled to a share of distributions to unsecured creditors. However, nothing in the record supports the Bank's contention. On the contrary, Debtors' schedules–which they attested to under penalty of perjury–indicate the Bank's claim is fully secured with an equity cushion. Other than bare assertions in an untimely objection to confirmation, the Bank has offered nothing–not even a proof of claim–to raise any doubts about the accuracy of the schedules.[1]

For the forgoing reasons, the Court finds Debtors' Chapter 13 plan demonstrates no legal defects that would bar confirmation. See Castleberry, 437 B.R. at 708. Therefore, the Court will confirm the plan.

An Order in accordance with this Opinion will be entered on this date.

END OF DOCUMENT

---

[1] The appraisal attached to the Bank's untimely objection has no evidentiary value because it was not submitted in compliance with Local Rule 3012-1(b), governing valuation of property by expert witnesses.